[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present complaint is brought in two counts by the plaintiff as Administratrix for the Estate of Jean Claude Boiteux. The first count alleges that Boiteux entered a Lease Agreement with the defendants, acting as the alter-ego to one another, which contained benefits under a Worker's Injury Compensation Plan. The CT Page 157 complaint further alleges that Boiteux was murdered under circumstances entitling him to benefits under the Lease Agreement and that the failure of the defendants to pay those benefits, constitutes a "breach of the Agreement." The second count of the complaint realleges the facts set forth in the first count and alleges, inter alia, that the Lease Agreement was created to take advantage of a legal fiction so that one of the defendants would not be responsible for providing "Workmen Compensation benefits." The second count alleges that the conduct of the defendants constituted a violation of the Connecticut Unfair Trade Practices Act.
The defendants have filed a motion to dismiss the complaint asserting that the court lacks jurisdiction on the grounds that the jurisdiction of the matter lies exclusively within the Workers' Compensation Commission.
No affidavit has been filed, and the court cannot conclude, as a matter of law, that Workers' Compensation Benefits are in fact payable by the defendants as a result of the incident alleged in the complaint. Accordingly, the denial of the motion to dismiss can be justified on that ground alone.
The cause of action asserted by the plaintiff in the first count is not one to recover for "death resulting from personal injury" within the meaning of General Statutes Section 31-284. The complaint sets forth a claim for a breach of contract. General Statutes Section 31-284, which abolishes claims between employer and employees, specifically provides that the statute shall not "prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."
Accordingly, the motion to dismiss is denied.
RUSH, J.